NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  ALBERT G. FREEMAN, Jr.;
DEANNA L. FREEMAN,

Debtors.

_____

UNITED STATES OF AMERICA,

Appellant,

v.

LAWRENCE J. WARFIELD, Chapter 7
Trustee,

Appellee.

No.    23-15827

D.C. No. 3:21-cv-08274-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 17, 2024
Phoenix, Arizona

Before:  GRABER, DESAI, and DE ALBA, Circuit Judges.

The Internal Revenue Service (IRS) appeals the allocation of proceeds from

the sale of real property between the IRS and the Bankruptcy Estate on a pro rata

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

basis, where the IRS held a valid tax lien that included debts for taxes and related penalties and that exceeded the value of the encumbered property. The Trustee avoided the penalty portion of the tax lien under 11 U.S.C. § 724(a), which was automatically preserved pursuant to 11 U.S.C. § 551. The value of the tax portion was $256,669.98, the value of the penalty portion was $106,645.16, but the net sale proceeds were $218,917.19.

The parties identified this case as related to *United States v. Mackenzie*, No. 23-15825, pursuant to Circuit Rule 28-2.6. Because the cases raise the same legal issues, we consolidated them for purposes of oral argument. We have jurisdiction under 28 U.S.C. § 158(d)(1).

In light of our opinion in *Mackenzie*, decided this date, we reverse judgment in this case. The available proceeds shall be distributed under a "tax-first" method, consistent with *Mackenzie*.

**REVERSED and REMANDED.**